C. Brooks Cutter, Esq., (SBN 121407)
John R. Parker, Jr., Esq. (SBN 257761)
**CUTTER LAW P.C**.
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Facsimile:  (916) 669-4499
bcutter@cutterlaw.com
jparker@cutterlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERI VAN LENGEN and DEBORAH NAVA on behalf of themselves, and a class of similarly situated persons, | **Case No. 15-cv-02262-MCE-KJN** |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS & MOTION TO STRIKE** |
| v. | |
| GENERAL MILLS, INC., GENERAL MILLS SALES, INC., GENERAL MILLS OPERATIONS, LLC, ROXANNE ORNELAS AND DOES 1 – 50, | |
| Defendants. | Hearing Date:   February 25, 2016<br>Hearing Time:  2:00 p.m.<br>Judge: Hon. Morrison C. England, Jr. |

/ / /

/ / /

/ / /

## TABLE OF CONTENTS

I. INTRODUCTION ………………………………………………………………………… 1

II. FACTUAL BACKGROUND ……………………………………………………….... 1

III. ARGUMENT ……………………………………………………………………….... 2

    A.  Legal Standard ……………………………………………………………………....2

    B.  The Rule 12(b)(1) Motion Should Be Denied Because There is a Material Factual
        Dispute Over the Adequacy of General Mills' Recall Program ………………………… 4

    C.  General Mills' Motion to Dismiss each of Plaintiffs' Claims Pursuant to Rule
        12(b)(6) Should be Denied ………………………………………………………… 9

    D.  General Mills' Rule 12(f) Motion to Strike Class Allegations is Improper and
        Should Be Denied ………………………………………………………………… 11

IV. PLAINTIFFS ALTERNATIVELY REQUEST TO LEAVE TO AMEND ………………... 17

V. CONCLUSION …………………………………………………………………………17

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1
2
## <u>TABLE OF AUTHORITIES</u>
3
**Page(s)**
4
**Cases**
5
6
*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. Cal. 2011) ...................................................................................10, 11
7
*Amchem Prods. Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................................................................14
8
9
*In re Aqua Dots Prods. Liab. Litig.*,
  654 F.3d 748 (7th Cir. Ill. 2011) ............................................................................................13
10
11
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .....................................................................................................................3
12
*Astiana v. Ben & Jerry's Homemade, Inc.*,
  2011 U.S. Dist. LEXIS 57348 (N.D. Cal. 2011).................................................................14
13
14
*Augustine v. United States*,
  704 F.2d 1074 (9th Cir. 1983)................................................................................................4, 5
15
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................................................3
16
17
*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996).......................................................................................................3
18
19
*Cal. Sportfishing Prot. Alliance v. All Star Auto Wrecking, Inc.*,
  860 F. Supp. 2d 1144 (E.D. Cal. 2012)..............................................................................7, 8
20
21
*In re CRT Antitrust Litig.*,
  308 F.R.D. 606 (N.D. Cal. 2015).....................................................................................14, 17
22
*Czuchaj v. Conair Corp.*,
  2014 U.S. Dist. LEXIS 54415 (S.D. Cal. 2014) ...................................................................8
23
24
*Epikhin v. Game Insight North Am.*,
  2015 U.S. Dist. LEXIS 152837 (N.D. Cal. 2015)...............................................................17
25
26
*Erickson v. Pardus*,
  551 U.S. 89 (2007)........................................................................................................................3
27
*Golden v. Sound Inpatient Physicians Med. Grp., Inc.*,
  No. 14-cv-00497-TLN-EFB, 2015 U.S. Dist. LEXIS 166559 (E.D. Cal. Dec.
  10, 2015) .................................................................................................................................4, 12
28

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)....................................................................................15

*Henderson v. Gruma Corp.*,
    2011 U.S. Dist. LEXIS 41077 (C.D. Cal. 2011)......................................................7

*Holmes v. Elec. Document Processing, Inc.*,
    966 F. Supp. 2d 925 (N.D. Cal. 2013) ...................................................................12

*Johnson v. Conrad*,
    No. 2:14-cv-00596-MCE-EFB, 2014 U.S. Dist. LEXIS 164237 (E.D. Cal.
    2014) ........................................................................................................................5

*Johnson v. Hernandez*,
    69 F. Supp. 3d 1030, 1034 (E.D. Cal. 2014)........................................................6, 7

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014)...................................................................................5

*Leonard v. Abbott Labs., Inc.*,
    2012 U.S. Dist. LEXIS 30608 (E.D.N.Y. Mar. 5, 2012) ........................................13

*Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*,
    2015 U.S. Dist. LEXIS 123123 (E.D. Cal. 2015) ..................................................11

*Long v. Graco Children's Prods.*,
    2014 U.S. Dist. LEXIS 174347 (N.D. Cal. 2014)..........................................8, 12, 14

*Lujan v. Def. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................................6

*McCarthy v. United States*,
    850 F.2d 558 (9th Cir. 1988)....................................................................................3

*McMillan v. Ringler*,
    2016 U.S. Dist. LEXIS 11775 (E.D. Cal. 2016) ......................................................3

*Nehrlich v. JLW-TW Corp.*,
    2016 U.S. Dist. LEXIS 3191 (S.D. Cal. Jan. 11, 2016)..........................................18

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003)). ..................................................................4

*New York City Emples. Ret. Sys. v. Berry*,
    667 F. Supp. 2d 1121 (N.D. Cal. 2009) ....................................................................4

*Nino v. United States*,
    2015 U.S. Dist. LEXIS 112677 (S.D. Cal. 2015) ................................................5, 18

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

*O'Connor v. Boeing North Am., Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1998) ........................................................................................16

*Overton v. Bird Brain, Inc.*,
    2012 U.S. Dist. LEXIS 36143 (C.D. Cal. 2012) ..................................................................10

*Pagan v. Abbott Labs., Inc.*,
    287 F.R.D. 139 (E.D.N.Y. 2012) ........................................................................................13

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    214 F.R.D. 614 (W.D. Wash. 2003) ....................................................................................13

*Postier v. Louisiana-Pacific Corp.*,
    2009 U.S. Dist. LEXIS 95060 (N.D. Cal. 2009).................................................................9, 10

*Rivers v. County of Marin*,
    2006 U.S. Dist. LEXIS 12496 (N.D. Cal. 2006)....................................................................4

*Roberts v. Corrothers*,
    812 F.2d 1173 (9th Cir. 1987)...............................................................................................4

*Safe Air For Everyone*, 373 F.3d at 1039 ...................................................................................3, 5

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................13

*Savage v. Glendale High Union Sch. Dist. No. 205*,
    343 F.3d 1036 (9th Cir. 2003)................................................................................................3

*Shahinian v. Kimberly-Clark Corp.*,
    2015 U.S. Dist. LEXIS 92782 (C.D. Cal. 2015)....................................................................7

*Swift v. Zynga Game Network, Inc.*,
    2010 U.S. Dist. LEXIS 117355 (N.D. Cal. 2010)............................................................14, 18

*Tasion Communs., Inc. v. Ubiquiti Networks*,
    2014 U.S. Dist. LEXIS 35455 (N.D. Cal. 2014)............................................................13, 18

*Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*,
    594 F.2d 730 (9th Cir. 1979)..................................................................................................3

*Tosh-Surryhne v. Abbott Labs. Inc.*,
    2011 U.S. Dist. LEXIS 110107 (E.D. Cal. 2011) ................................................................7, 8

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d. 1227 (9th Cir. 1996)..............................................................................................15

*Waller v. Hewlett-Packard Co.*,
    295 F.R.D. 472 (S.D. Cal. 2013)..........................................................................................13

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

*Webb v. Carter's Inc.,*
    272 F.R.D. 489 (C.D. Cal. 2011) ........................................................................... 13

*Whittlestone, Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. Cal. 2010) ..................................................................... 4, 11

**Statutes**

California Commercial Code § 2313 ........................................................................... 10

**Other Authorities**

Rule 12(b)(1) ...................................................................................................... *passim*

Rule 12(b)(6) ...................................................................................................... *passim*

Rule 12(f) ............................................................................................................ *passim*

Rule 15 ...................................................................................................................... 17

Rule 15(a) ................................................................................................................... 17

Rule 23 ................................................................................................................. 11, 14

Rule 23(a)(4) ............................................................................................................. 16

Rule 23(b)(3) ............................................................................................................. 14

Rule 56 ...................................................................................................................... 16

1

2

## I.   <u>INTRODUCTION</u>

3      Defendants General Mills, Inc., General Mills Sales, Inc., General Mills Operations, LLC,

4   and Roxanne Ornelas (collectively "General Mills") have conceded they broke the law by

5   distributing and selling products labeled and warranted to be "gluten-free" when in fact those

6   products contained gluten well in excess of relevant federal regulations.  Plaintiffs Keri Van

7   Lengen and Deborah Nava ("Plaintiffs"), on behalf of themselves and a class of similarly-situated

8   persons, seek redress for the damage caused by General Mills' conduct, asserting five causes of

9   action against General Mills in the complaint.  However, General Mills' Motion to Dismiss and

10  Strike ("the Motion") asks the Court to decide disputed issues of fact in General Mills' favor.

11  General Mills' motion asks the Court to make findings of fact about its apparent "recall program"

12  and to dismiss all of Plaintiffs' claims arising from General Mills' misconduct before Plaintiffs or

13  the Court can assess the sufficiency of General Mills' supposed recall and review the underlying

14  malfeasance that necessitated a recall. Clear precedent in the Ninth Circuit requires that the

15  Motion be denied, because it fails to accept the facts as pleaded in the complaint and improperly

16  asks the Court to make contrary factual findings.

17

## II.   <u>FACTUAL BACKGROUND</u>

18      This case arises from General Mills' deceptive, unfair, and false advertising and

19  merchandising practices regarding its "Gluten Free" Cheerios and Honey Nut Cheerios

20  ("Cheerios").  Complaint, ¶ 3.  General Mills' sales materials reflected that the company viewed

21  the "gluten free" designation as a way to boost sales. *Id.*, ¶ 9.  Accordingly, in September 2015,

22  General Mills began a major campaign to advertise its "Gluten Free" Cheerios and Cheerios

23  Honey Nut Cereal products, representing that the company had "added a process to sort out the

24  stray grains" of wheat, barley and rye that were often present in the oats used to manufacture the

25  cereal. *Id.*, ¶ 11.  General Mills then distributed these products throughout the United States.  *Id.*

26      However, after General Mills began selling these new "gluten-free" products, the FDA

27  began receiving scores of complaints.  Complaint, ¶¶ 13-16.  Subsequent FDA testing confirmed

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

that the product had levels of gluten that far exceeded applicable FDA regulations.  *Id.*
Eventually, on October 5, 2015, General Mills apparently recalled 1.8 million boxes of Cheerios.
*Id.*  The following day, the FDA issued a Safety Alert that it was investigating complaints
associated with Cheerios mislabeled as "Gluten Free."  *Id.*  Moreover, since the filing of this
action, undersigned counsel have been contacted by several consumers who unknowingly
purchased, consumed and been injured by mislabeled "gluten free" Cheerios long since the recall
was instituted, calling into question the adequacy of the "recall program."

Plaintiffs initiated this lawsuit in order to seek relief for the damage caused by General
Mill's misconduct and to enjoin it from further misconduct.  Complaint, ¶¶ 52, 58, 66, 69 71, 76,
79, 86-87, and Prayer for Relief: A-J.  General Mills' conduct constitutes a violation of California
law for which Plaintiffs and class members are entitled to seek redress under the Unfair
Competition Law ("UCL"), the False Advertising Law ("FAL") and the Consumer Legal
Remedies Act ("CLRA").  *Id.*, ¶¶ 46-71.  In addition, General Mills has been unjustly enriched
because it intentionally sold the Cheerios labeled as "Gluten Free" when the cereal was not, in
fact, free of gluten, and could not provide the promised gluten-free benefits, therefore General
Mills should be ordered to disgorge their unjust enrichment.  *Id.*, ¶¶ 72-79.  Finally, General
Mills' conduct constitutes a breach of the express warranty that their products labeled "gluten-
free" were in fact gluten free. *Id.*, ¶¶ 80-87.

Although General Mills has instituted a so-called "recall program," the allegations in the
Complaint make clear that Plaintiffs challenge the effectiveness and adequacy of it and seek relief
well beyond that purportedly offered through General Mills' voluntary program.  Complaint, ¶¶
17-20, 40-42, 52, 58, 71, 79, 87, Prayer for Relief: B-H.  Plaintiffs believe that discovery will
reveal the extent of General Mills' misconduct and the limitations and inadequacy of its recall.

### III. <u>ARGUMENT</u>

**A.  Legal Standard**

**1.  Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure[1] 12(b)(6), the Court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  Such motions should not be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claims."  *McMillan v. Ringler*, 2016 U.S. Dist. LEXIS 11775, at *4-5 (E.D. Cal. 2016).  Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 2.  Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

There are two types of motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1): a facial attack and a factual attack.  *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  A facial attack challenges jurisdiction based solely on the pleadings.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Under such motions, the Court consider the factual allegations of the complaint to be true, and determine whether they establish jurisdiction.  *Savage v. Glendale High Union Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).  The motion is granted only if the nonmoving party fails to allege a necessary element for subject matter jurisdiction.  *Safe Air for Everyone*, 373 F.3d at 1039.

In a factual attack, the Court may review evidence necessary to determine whether subject matter jurisdiction exists.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Thornhill*, 594 F.2d at 733.  However, "a jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action."  *Safe Air for Everyone*, 373 F.3d at 1039-40 (internal citations and quotations omitted).

---

[1] All further rule references are to the Federal Rules of Civil Procedure

1   "A court may not resolve genuinely disputed facts where 'the question of jurisdiction is

2   dependent on the resolution of factual issues going to the merits.'"  *Roberts v. Corrothers*, 812

3   F.2d 1173, 1177-78 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th

4   Cir. 1983)).  When jurisdiction is contingent upon factual matters in dispute, the common

5   standard for Rule 12(b)(6) motions is applied and dismissal is only appropriate where the plaintiff

6   can prove no set of facts in support of his claim taking the allegations in the complaint as true.  *Id.*

7   If the Court finds subject matter jurisdiction under this standard, the Court may entertain such

8   arguments on a subsequent motion for summary judgment or at trial.  *Id.*

9        **3.  Rule 12(f) Motion to Strike**

10        Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any

11   redundant, immaterial, impertinent, or scandalous matter."  A court will only consider striking a

12   defense or allegation if it fits within one of these five categories. *Whittlestone, Inc. v. Handi-Craft*

13   *Co.*, 618 F.3d 970, 973-74 (9th Cir. Cal. 2010).  "Rule 12(f) motions are 'generally regarded with

14   disfavor because of the limited importance of pleading in federal practice, and because they are

15   often used as a delaying tactic.'"  *Golden v. Sound Inpatient Physicians Med. Grp., Inc.*, No. 14-

16   cv-00497-TLN-EFB, 2015 U.S. Dist. LEXIS 166559, at *4-5 (E.D. Cal. Dec. 10, 2015) (quoting

17   *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).  "Such

18   motions should only be granted if 'the matter has no logical connection to the controversy at issue

19   and may prejudice one or more of the parties to the suit.'"  *New York City Emples. Ret. Sys. v.*

20   *Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Rivers v. County of Marin*, 2006

21   U.S. Dist. LEXIS 12496, at *6 (N.D. Cal. 2006)).

22      **B.  The Rule 12(b)(1) Motion Should Be Denied Because There is a Material Factual**

23          **Dispute Over the Adequacy of General Mills' Recall Program.**

24        General Mills asks the Court to dismiss each of Plaintiffs' claims pursuant to Rule

25   12(b)(1), arguing that the Court lacks subject matter jurisdiction because (1) Plaintiffs' claims are

26   mooted by the recall; and (2) Plaintiffs lack standing to pursue injunctive relief.  MTD, at 8-12.

27   Both arguments are critically flawed and do not support dismissal of this action on the pleadings.

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

General Mills first argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims because the recall program has rendered those claims moot.  MTD, at 8-11.  Underlying this argument is the factual premise that the "recall program" was entirely effective and has provided all the relief sought by Plaintiffs.  The Motion requires the Court to simply take General Mills' word that no other products have been or will be deceptively labeled or sold and that full restitution is properly being made available to all affected consumers.  *Id.*  However, Plaintiffs plainly dispute these assertions and initiated this action in order to seek full and complete relief for the proposed class, after ascertaining through discovery the extent of the misconduct that necessitated the recall in the first place.  Since the filing of this action, undersigned counsel have been contacted by several consumers who unknowingly purchased, consumed and been injured by mislabeled "gluten free" Cheerios long since the recall was instituted, certainly calling into question the adequacy of the "recall program."  Accordingly, because both the jurisdictional issue presented by General Mills and the merits of this case turn on the disputed issue of whether the recall program was adequate, a Rule 12(b)(1) challenge is improper at this stage of the litigation.

It is well-established in the Ninth Circuit that "a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim."  *Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014) (citing *Safe Air For Everyone*, 373 F.3d at 1039); *see also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Federal courts have held that "where factual jurisdictional issues are intertwined with factual questions going to the merits, a court may not decide those factual issues on a Rule 12(b)(1) motion."  *Nino v. United States*, 2015 U.S. Dist. LEXIS 112677, at *12 (S.D. Cal. 2015) (citing *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140-41 (9th Cir. 1983)); *see also Johnson v. Conrad*, No. 2:14-cv-00596-MCE-EFB, 2014 U.S. Dist. LEXIS 164237, at *8-10 (E.D. Cal. 2014).

General Mills' Rule 12(b)(1) motion asserts that all the restitutionary and injunctive relief sought by Plaintiffs has already been provided through the recall program.  But General Mills cannot re-define for the Plaintiffs the scope of the relief sought on behalf of the proposed class.

1    Plaintiffs initiated this suit precisely to challenge the adequacy of General Mills' recall program.

2    General Mills has acknowledged wrongdoing but the extent of its malfeasance still remains to be

3    determined in this litigation. The undisputed fact that General Mills has instituted its own recall

4    program does not suffice to establish that program's effectiveness in properly addressing the

5    damage caused, especially when the extent of the misconduct remains to be determined.  The

6    impetus of this litigation was the ineffectiveness of the recall program and its failure to

7    adequately remediate the damage caused by General Mills.  The complaint asserts that Plaintiffs

8    are entitled to relief far beyond that proved for by the recall program; relief that includes proper

9    notice to those affected, injunctive relief to legally enjoin General Mills from further deceptive

10   practices, **full** compensatory damages, as well as other appropriate remedies based upon the facts

11   revealed in discovery.  Complaint, ¶¶ 17-20, 40-42, 52, 58, 71, 79, 87, Prayer for Relief: A-J.

12          The merits of this case are therefore necessarily intertwined with the question of whether

13   the recall program in place is in fact adequate.  Accordingly, General Mills' mootness challenge

14   under Rule 12(b)(1), based on its own set of factual allegations rather than those put forth by the

15   Plaintiffs, must be rejected because Plaintiffs plainly contest General Mills' version of the facts

16   and need discovery on the nature and extent of General Mills' mislabeling of cereal as gluten-free

17   and on whether the recall was in fact adequate.  Even if credible factual evidence was put forward

18   by General Mills, because the jurisdictional issue is intertwined with the ultimate merits of this

19   case, such evidence would convert this motion into one for summary judgment, which is plainly

20   premature given the fact that Plaintiffs have not had "the opportunity to engage in discovery and

21   thus [have] not had the opportunity to develop the evidence [they] may need to rebut" General

22   Mills' facts. *Johnson v. Hernandez*, 69 F. Supp. 3d 1030, 1034 (E.D. Cal. 2014)

23          General Mills also specifically attacks Plaintiffs' standing to pursue injunctive relief.

24   MTD, at 11-12.  Plaintiffs allege that they were damaged by the acts of General Mills and seek

25   injunctive relief in order to avoid future injury.  Complaint, ¶¶ 40, 42, 45, 52, 58, 71, and Prayer

26   for Relief: C; *see also Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992).  General Mills

27   cannot summarily assert that their recall program is sufficient to "negate any possibility of future

28

1    harm" and declare the claims moot. That question is part of the dispute underlying this litigation

2    and is ultimately for the finder of fact to determine.

3         Furthermore, General Mills' argument that there is no likelihood of future injury is also

4    misplaced. Courts have found that a plaintiff "need not allege that he will willingly subject

5    himself to future injury, or that he will be fooled by false advertising he now knows to be false, in

6    order to seek injunctive relief on behalf of a class." *Shahinian v. Kimberly-Clark Corp.*, 2015

7    U.S. Dist. LEXIS 92782, at *10-12 (C.D. Cal. 2015). "If the Court were to construe Article III

8    standing for FAL and UCL claims as narrowly as [General Mills] advocates, federal courts would

9    be precluded from enjoining false advertising under California consumer protection laws because

10   a plaintiff who had been injured would always be deemed to avoid the cause of the injury

11   thereafter ('once bitten, twice shy') and would never have Article III standing." *Henderson v.*

12   *Gruma Corp.*, 2011 U.S. Dist. LEXIS 41077, at *19-20 (C.D. Cal. 2011). Accepting General

13   Mills' arguments that there is no threat of future injury would allow manufacturers to avoid

14   liability and prevent any plaintiffs from bringing suit on behalf of a class in federal court and

15   would "surely thwart the objective of California's consumer protection laws." *Id.*, at *20-21.

16        To bring a successful factual attack on standing, as General Mills attempts to do here, a

17   defendant "would have to demonstrate that the allegations in the [complaint] which give rise to

18   standing are untrue*." Cal. Sportfishing Prot. Alliance v. All Star Auto Wrecking, Inc.*, 860 F.

19   Supp. 2d 1144, 1152 (E.D. Cal. 2012). Courts have cautioned, however, that when attempting to

20   dismiss claims for lack of standing before discovery has commenced, a defendant "must not

21   confuse the jurisdictional inquiry with the merits inquiry" because a plaintiff "need not prove the

22   merits of the case at this early stage of the pleadings." *Id.* Courts should not be asked to

23   "prematurely decide the merits of the case" and should refuse such requests at such an early stage

24   of the litigation. *Id.*; *see also Johnson v. Hernandez*, 69 F. Supp. 3d at 1034-35.

25        General Mills attempts to analogize this case to that in *Tosh-Surryhne v. Abbott Labs. Inc.*,

26   2011 U.S. Dist. LEXIS 110107 (E.D. Cal. 2011). However, in *Tosh-Surryhne*, the plaintiff

27   admitted to the court that she did "not have evidence tending to prove that defendant's

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

reimbursement offer under-compensates her." *Id.*, at *11-12.  Subsequent courts have limited the rulings in *Tosh-Surryhne* and similar cases to their specific factual circumstances, namely where "plaintiffs had full refunds or express offers of full refunds *firmly in hand*."  *Long v. Graco Children's Prods.*, 2014 U.S. Dist. LEXIS 174347, at *12-13 (N.D. Cal. 2014) (emphasis added). Additionally, the reasoning in *Tosh-Surryhne* is questionable given subsequent rulings by other courts discussed herein.

More on point is *Czuchaj v. Conair Corp.*, 2014 U.S. Dist. LEXIS 54415 (S.D. Cal. 2014), decided three years after *Tosh-Surryhne*.  There, the defendant Conair argued the plaintiff's claims for injunctive relief were moot because there was already a corrective process in place to replace or refund defective products.  *Id.*, at *9-12.  However, the court determined that the factual disputes raised by Conair were not appropriate for the court to resolve at such an early stage of the proceedings:

> Conair's challenge asks this court to resolve factual disputes about whether Conair's efforts have been adequate. This Court cannot possibly determine whether injunctive or declaratory relief is appropriate unless it examines the sufficiency of the steps already taken. Determining the sufficiency of Conair's response to problems with the Hair Dryer is part of the merits of this case. In order to resolve this question, this Court would need to determine questions such as whether the line cord issue claimed by Plaintiffs has been resolved, and whether Conair has taken sufficient steps to warn consumers who had already purchased the hair dryers. It is apparent that **the sufficiency of Conair's response to the problem is a central issue in this lawsuit.**
>
> A **plaintiff need not prove the merits of their case at this stage of proceedings**. *See Cal. Sportfishing Protection Alliance v. All Star Auto Wrecking, Inc.*, 860 F. Supp. 2d 1144, 1152 (E.D. Cal. 2012).  A requirement at the pleading stage that a plaintiff provide evidence to show that a defendant's internal efforts to cure a defect are inadequate, triggered only by conclusory claims that the problem has been fixed, would severely impede the ability of any plaintiff to seek injunctive relief.

*Id.*, at *13-15 (emphasis added).

Here, General Mills is asking the Court to determine summarily that its recall program was entirely adequate and sufficient, despite Plaintiffs' contrary allegations.  Such a determination is inappropriate on the pleadings.  Allowing a manufacturer to escape liability for placing defective products into the market by instituting its own recall program and then arguing

that the Court has no authority to review the efficacy of that program, and that consumers are automatically deprived of standing, would undercut California's strong consumer-protection laws. Accordingly, General Mills' motion to dismiss the claims under Rule 12(b)(1) based on a standing or mootness defense should be denied. General Mills would clearly be able to present such arguments at a later stage of this litigation, after fact discovery proceeds.

**C. General Mills' Motion to Dismiss each of Plaintiffs' Claims Pursuant to Rule 12(b)(6) Should Be Denied.**

General Mills alternatively requests the Court dismiss each of Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim. MTD, at 16-20. The arguments will be discussed in turn.

**1. The Factual Dispute Regarding the Adequacy of the Recall Program Goes to the Merits of Plaintiffs' UCL, CRLA and Unjust Enrichment Claims, Precluding Dismissal.**

General Mills contends that Plaintiffs' UCL, CRLA and unjust enrichment causes of action fail to state claims. MTD, at 17-19. The sole basis for this challenge is the factual premise that the "recall program" was entirely effective, efficient, and has provided all the relief sought by Plaintiffs.[2]

Just as with Rule 12(b)(1) motions, courts have routinely found that similar challenges under Rule 12(b)(6) are premature and cannot be decided at the early stages of litigation. The court in *Postier v. Louisiana-Pacific Corp.*, 2009 U.S. Dist. LEXIS 95060, at *10-12 (N.D. Cal. 2009) was faced with similar procedural and factual circumstances. The plaintiff claimed that defendant's product was defective and that the recall program instituted was ineffective. *Id.*, at *2-3. Defendant moved to dismiss, arguing the recall undercut the plaintiff's request for relief, further pointing to plaintiff's acknowledgement of the recall in the complaint. *Id.*, at *10-12. The court found that "whether the recall [] provided Plaintiff with a suitable remedy and whether it

---

[2] Defendants variously contend that, because they have put a perfect recall program into place: the UCL cause of action fails to state a claim (MTD, at 17:9-12); the unjust enrichment cause of action fails to state a claim (MTD, at 17:27-18:2); and the CLRA cause of action fails to state a claim (MTD, at 19:3-5).

1   was done so within a reasonable time [was] in dispute and [could not] be decided on a 12(b)(6)

2   motion." *Id.* Other cases have also found similar Rule 12(b)(6) challenges to be improper.  In

3   *Overton v. Bird Brain, Inc.*, 2012 U.S. Dist. LEXIS 36143, at *10-11 (C.D. Cal. 2012), the

4   defendant argued that the plaintiff's claims were moot because a recall and refund program was in

5   effect that provided the remedy sought by the plaintiff.  However, the court refused to find the

6   recall program was "satisfactory as a matter of law" on a Rule 12(b)(6) motion.  *Id.*, at *11-12.

7       The parties' factual dispute over whether the recall program provides an adequate remedy

8   precludes resolution of the UCL, CRLA and unjust enrichment claims on a motion to dismiss.

9   The Motion should therefore be denied as to those claims.

10      **2.   The Fifth Cause of Action Should Not Be Dismissed Because General Mills was**

11          **on Notice of its Breaches of Express Warranty to Consumers.**

12      General Mills argues that Plaintiffs' cause of action for breaches of express warranty

13  should be dismissed because the claim fails to allege requisite notice was given.  MTD, at 18.

14  While it is true that many courts have required pre-suit notice before stating such claims, the

15  principles underlying that rationale support finding General Mills was adequately on notice and

16  had plenty of opportunity to remedy the breach.  *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 932

17  (9th Cir. Cal. 2011).  "The purpose of giving notice of breach is to allow the breaching party to

18  cure the breach and thereby avoid the necessity of litigating the matter in court."  *Id.*

19      Here, it is undisputed that General Mills discovered its own breach well before Plaintiffs

20  did; at the very latest, General Mills was aware it breached its express warranty to consumers

21  regarding its products' gluten content by the time of its recall on October 5.  On October 30,

22  Plaintiffs filed the complaint seeking relief that they feel is just, given the widespread breach and

23  that is well beyond the meager amends provided by the recall program.  General Mills had at least

24  four weeks of notice before this action was commenced during which it could have properly

25  remedied the damages caused by the breach; it would be overly technical and would undermine

26  the purpose of California Commercial Code § 2313 to dismiss the claim for Plaintiffs' failure to

27  formally notify General Mills of the breach it was well-aware it had committed.  By establishing a

28

-10-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1   recall program that adequately remedied the damage done by its breaches, General Mills could

2   have avoided "the necessity of litigating that matter in court."  *Alvarez*, 656 F.3d at 932.

3        In any event, additional consumers have been identified by Plaintiffs' counsel who have

4   been damaged by these very same breaches and who have already notified General Mills of the

5   breach.  If the Court finds dismissal of this claim is proper, Plaintiffs ask leave to amend the

6   complaint in order to add these additional consumers as proposed representative plaintiffs.

7        **3.   Plaintiffs Do Not Oppose Dismissal of Roxanne Ornelas as a Named Defendant in**

8            **this Matter.**

9        Plaintiffs do not oppose General Mills' motion to dismiss Roxanne Ornelas (only) as a

10  party to this matter.

11      **D.  General Mills' Rule 12(f) Motion to Strike Class Allegations is Improper and Should**

12          **Be Denied.**

13       General Mills moves to strike the complaint's class allegations pursuant to Rule 12(f),

14  arguing they fail to meet the requirements of Rule 23 in view of General Mills' recall program.

15  MTD, at 12.  This challenge suffers from three major defects: (1) the Court cannot resolve

16  disputed and substantial legal and factual issues in General Mills' favor on a motion to strike; (2)

17  a Rule 12(f) motion is a premature and improper vehicle for challenging class allegations; and (3)

18  each of the Rule 23 requirements challenged by General Mills has been satisfied.

19      **1.   The Rule 12(f) Motion Should Be Denied Because the Court Must View the**

20          **Challenged Pleading in the Light Most Favorable to Plaintiffs.**

21       As discussed above, the adequacy of General Mills' recall program is directly at issue in

22  this litigation.  Therefore, General Mills' mere assertion of the fact of the recall, without

23  discovery to assess its adequacy, cannot overrule the allegations in the complaint.  The Ninth

24  Circuit has ruled that "courts may not resolve disputed and substantial factual or legal issue[s] in

25  deciding . . . a motion to strike."  *Whittlestone, Inc.*, 618 F.3d at 973 (internal quotation marks

26  omitted).  When ruling on a motion to strike, "courts view the challenged pleading in the light

27  most favorable to the non-moving party."  *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*,

28

1   2015 U.S. Dist. LEXIS 123123, 27-29 (E.D. Cal. 2015) (citing *Holmes v. Elec. Document*

2   *Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013)).  Therefore, General Mills' premise

3   that the recall program fully satisfies the claims put forth by Plaintiffs despite Plaintiffs'

4   allegations to the contrary is faulty, and the Motion to strike should be denied.

5           **2.   The Rule 12(f) Motion is an Improper Vehicle for Challenging the Sufficiency of**

6                **the Class Allegations and Should Be Denied.**

7           Courts in the Ninth Circuit have routinely found Rule 12(f) motions are disfavored and are

8   improper vehicles for challenging the sufficiency of class allegations; the allegations are more

9   properly assessed by the Court through a motion for class certification.  "If the court is in doubt as

10  to whether the challenged matter may raise an issue of fact or law, the motion to strike should be

11  denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits

12  after proper development of the factual nature of the claims through discovery." *Golden*, 2015

13  U.S. Dist. LEXIS 166559, at \*4-5 (citing *Whittlestone*, 618 F.3d at 974-75).

14          Rule 12(f) motions are more strongly disfavored when brought to strike class allegations.

15  Courts have found such challenges premature at the pleadings stage, and frequently defer

16  assessing the merits of class allegations until a motion for class certification is brought.  In *Long*

17  *v. Graco Children's Products*, the court was faced with very similar circumstances.  2014 U.S.

18  Dist. LEXIS 174347, at \*14.   Addressing a Rule 12(f) motion brought to strike class allegations

19  given Defendant Graco's recall, the court concluded:

20

21          Defendants seek to strike plaintiff's class allegations under Fed. R. Civ. P. 12(f) on
            the grounds that the putative class is not ascertainable and that the class action is
            not a superior form of adjudication in light of Graco's recall. This issue will be
22          **deferred to the class certification stage to give the Court the benefit of a better
            developed record and arguments.**  "[M]any courts have recognized that the
23          sufficiency of class allegations are better addressed through a class certification
            motion, after the parties have had an opportunity to conduct some discovery."
24          *Cruz v. Sky Chefs, Inc.*, C-12-02705 DMR, 2013 U.S. Dist. LEXIS 65114, 2013
            WL 1892337, at \*5 (N.D. Cal. May 6, 2013).  *See also, In re Wal—Mart Stores,*
25          *Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614-16 (N.D. Cal. 2007) ("the
            **granting of motions to dismiss class allegations before discovery has
26          commenced is rare**"); *Moreno v. Baca*, No. CV007149ABCCWX, 2000 U.S.
            Dist. LEXIS 21368, 2000 WL 33356835, at \*2 (C.D. Cal. Oct. 13, 2000)
27          (defendants' **motion to strike class allegations was premature because no
            motion for class certification had been filed**).

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1

2    *Id.* (emphasis added).

3          General Mills has cited a number of cases in support of its contention that the class

4    allegations should be stricken now, rather than allowing an assessment at the class certification

5    stage.  MTD, at 12-16. However, **nearly all** of the cases cited by General Mills undermine that

6    proposition because they involve **motions for class certification**, a proper stage to address the

7    sufficiency of class allegations, rather than Rule 12(f) motions.  *See Waller v. Hewlett-Packard*

8    *Co.*, 295 F.R.D. 472, 474 (S.D. Cal. 2013) (motion for class certification); *Webb v. Carter's Inc.*,

9    272 F.R.D. 489, 493 (C.D. Cal. 2011) (same); *Pagan v. Abbott Labs., Inc.*, 287 F.R.D. 139, 152

10   (E.D.N.Y. 2012) (same); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 214 F.R.D. 614

11   (W.D. Wash. 2003) (same); *In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 751-52 (7th Cir.

12   Ill. 2011) (appeal of a district court's decision on a motion for class certification).[3]

13         General Mills does rely heavily on *Sanders v. Apple, Inc.*, 672 F. Supp. 978, 991 (N.D.

14   Cal. 2009), where a Rule 12(f) motion was brought to strike class allegations.   However, the

15   reasoning used in that case has been explicitly called into question by other courts given

16   subsequent Ninth Circuit precedent:

17

18         Courts have held previously that, in rare circumstances, class allegations may be
      struck where "the complaint demonstrates that a class action cannot be maintained
19    on the facts alleged, a defendant may move to strike class allegations prior to
      discovery."  ***Sanders v. Apple Inc.***, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) . . .
20    [¶]  However, the Court finds that the **viability of this case law is questionable** in
      light of the Ninth Circuit's decision in *Whittlestone, Inc. v. Handi-Craft Co.*, 618
21    F.3d 970 (9th Cir. 2010). . . . Relying on *Whittlestone*, more recent district courts
      have stated that **Rule 12(f) motions to strike are not the proper vehicle for**
22    **seeking dismissal of class allegations**.

23   *Tasion Communs., Inc. v. Ubiquiti Networks*, 2014 U.S. Dist. LEXIS 35455, at *9-11 (N.D. Cal.

24   2014) (emphasis added).

25         Accordingly, General Mills' motion to strike the class allegations is improper under these

26   ─────────────────────────
     [3] Defendants also rely on *Leonard v. Abbott Labs., Inc.*, 2012 U.S. Dist. LEXIS 30608 (E.D.N.Y.
27   Mar. 5, 2012).  Interestingly, in the specific section of the opinion cited by Defendants, the court
     actually found that the defendant's recall program **did not moot** the plaintiffs' consumer
28   protection claims.  *Id.*, at *73-82.

─────────────────────────
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

circumstances and should be denied.  An assessment of Plaintiffs' class allegations should be "deferred to the class certification stage to give the Court the benefit of a better developed record and arguments."  *Long*, 2014 U.S. Dist. LEXIS 174347, at *14; *see also Swift v. Zynga Game Network, Inc.*, 2010 U.S. Dist. LEXIS 117355, at *29-30 (N.D. Cal. 2010) (finding a Rule 12(f) motion was an improper vehicle to strike class allegations); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 U.S. Dist. LEXIS 57348, at *39 (N.D. Cal. 2011) (finding "the questions whether the class is ascertainable and whether a class action is superior should be resolved in connection with a class certification motion").

### 3. Plaintiffs' Class Allegations Meet the Requirements of Rule 23.

Despite the impropriety of General Mills' challenge to the class allegations, Plaintiffs will directly address General Mills' arguments regarding certain requirements of Rule 23.

### a. This Class Action is a Far Superior Method to any Other for Fairly and Efficiently Adjudicating the Present Controversy.

General Mills contends that Plaintiffs have not met the requirements of Rule 23(b)(3). MTD, at 13-14.  Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that class action is superior to other available methods for fair and efficient adjudication.  *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

"In determining whether the predominance requirement is satisfied, the court must identify the case's issues and determine which are subject to common proof and which are subject to individualized proof."  *In re CRT Antitrust Litig.*, 308 F.R.D. 606, 620 (N.D. Cal. 2015).  As indicated in the complaint, there are many common legal and factual issues present in this case that predominate over any questions affecting individual members of the Class and are subject to common proof:

    a. whether the Cheerios contained gluten;
    b. whether Defendants knew or should have known that the Cheerios contained gluten;
    c. whether Defendants failed to take the steps necessary to ensure that the Cheerios cereals did not contain gluten;
    d. whether Defendants made material misrepresentations regarding the Cheerios cereals labeled as "Gluten Free;"

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   e. whether Defendants had a duty to disclose the true nature of the Cheerios cereals
   to Plaintiffs and Class Members;
   f. whether Defendants omitted and failed to disclose material facts about the
   Cheerios cereals;
   g. whether Defendants' concealment of the true nature of the Cheerios would have
   induced a reasonable consumer to act to their detriment by purchasing the
   Cheerios; and
   h. whether Plaintiffs and Class Members are entitled to injunctive and equitable
   relief.

Complaint, ¶ 40.  "When common questions present a significant aspect of the case and they can

be resolved for all members of the class in a single adjudication, there is clear justification for

handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler

Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  Accordingly, the numerous common questions at the

center of this dispute justify moving forward with the adjudication of this case on a class basis.

   General Mills also attacks the class allegations by arguing a class action is not the superior

method to adjudicate these claims.  MTD, at 14.  "Where classwide litigation of common issues

will reduce litigation costs and promote greater efficiency, a class action may be superior to other

methods of litigation."  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1235 (9th Cir. 1996).

Plaintiffs and Class members have all suffered and will continue to suffer harm and damages as a

result of General Mills' unlawful and wrongful conduct.  Because of the high costs of litigating

claims and the relatively small size of each individual member's claim, most members will be

without an effective remedy at law absent this class action.  Without this case being brought on

behalf of all those injured, most of these consumers will continue to incur damages and General

Mills will continue their misconduct.  Therefore, adjudicating these claims on a class basis is a

superior method and quite possibly the only viable method for doing so.

   General Mills also points to the recall program in a misguided attempt to have the class

allegations stricken.  Yet again, their contention is factually disputed, and a motion to strike is not

the appropriate procedure for the Court to resolve a factual dispute.  As discussed in part above,

not a single case cited by General Mills in support of this particular argument involved a court

granting a motion to strike class allegations. Accordingly, the Court should deny the motion and

allow this case to proceed to discovery.  These issues may then be properly assessed by the Court

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1    with the benefit of a more fully developed factual record in a Rule 56 motion or at trial.

2                **b.  Plaintiffs are Adequate Class Representatives**

3        General Mills contends that Plaintiffs are inadequate class representatives because they

4    want restitutionary relief that is already available and injunctive relief that has supposedly already

5    been provided.  MTD, at 14-15.  As discussed already above, General Mills relies upon factual

6    propositions that Plaintiffs dispute and that are necessarily wound up in the merits of Plaintiffs'

7    claims.  General Mills' self-serving proclamation that the recall program has accomplished all

8    that Plaintiffs and the Class are seeking and are entitled to receive is not a sufficient basis for

9    striking Plaintiffs' class allegations.  Plaintiffs require discovery to probe the details of General

10   Mills' misconduct, the damages that resulted from that misconduct, and whether General Mills

11   has provided adequate redress to class members.  The only case law offered in support of General

12   Mills' present attack at the pleadings stage involved challenges at the class certification stage

13   under very different circumstances.  The motion to strike challenge is premature, improper, and

14   falls to raise any colorable issue regarding Plaintiffs ability and intention to "fairly and adequately

15   protect the interests of the class."  Rule 23(a)(4).  General Mills' motion to strike the class

16   allegations based on Rule 23(a)(4) should be denied.

17               **c.  The Proposed Class is Not Overbroad**

18       General Mills further argues that the proposed class is overbroad because it may include

19   class members who were not injured by General Mills' unlawful acts.  MTD, at 15-16.  However,

20   courts have made abundantly clear that a class is not defeated simply because it may include

21   some members who were not injured.  "Plaintiffs need not prove that class members have been

22   injured for purposes of defining the Class" so long as "Plaintiffs' class definitions [] have some

23   relation to the Defendants' activities."  *O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 320

24   (C.D. Cal. 1998).  The Class here is defined as: "All persons or entities who purchased Cheerios

25   or Honey Nut Cheerios advertised as gluten-free, and which were not gluten-free."  Comp., ¶ 32.

26   The Class definition has a direct connection to General Mills' unlawful conduct.  Every class

27   member has purchased falsely advertised and mislabeled products that were improperly

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1  manufactured by General Mills.  Regardless of whether a class member reviewed or relied on the

2  deceptive assurances of General Mills, all members were injured because they paid for "gluten

3  free" cereal and did not get what they paid for.

4  One recent Northern District of California court dealt with a similar challenge at an even

5  later stage of the litigation – class certification.  *In re Cathode Ray Tube (CRT) Antitrust Litig.*,

6  308 F.R.D. 606, 609-10 (N.D. Cal. 2015).  The court found: "Even if some individuals are [] able

7  to join the class and then are later determined to not have valid claims against a proper defendant,

8  this does not preclude class certification."  *Id.* at 615 (citing *Kohen v. Pac. Inv. Mgmt. Co.*, 571

9  F.3d 672, 677 (7th Cir. 2009) ("a class will often include persons who have not been injured by

10  the defendant's conduct . . . [but] [s]uch a possibility or indeed inevitability does not preclude

11  class certification")).  This litigation is in its infancy and much is left to be done before a proper

12  motion for class certification.  The fact that the proposed class *may* currently contain some

13  members who were not injured should not stand as a barrier to allowing this case to proceed to

14  discovery.  Therefore, General Mills' motion to strike the class allegations based on overbreadth

15  should be denied.

16  **IV.   PLAINTIFFS ALTERNATIVELY REQUEST LEAVE TO AMEND**

17  In the alternative, Plaintiffs request leave to amend the Complaint pursuant to Rule 15(a)

18  in order to address any deficiencies identified by the Court.  "Under Rule 15(a) [], leave to amend

19  'shall be freely given when justice so requires,' bearing in mind 'the underlying purpose of Rule

20  15 to facilitate decisions on the merits, rather than on the pleadings or technicalities.'"  *Epikhin v.*

21  *Game Insight North Am.*, 2015 U.S. Dist. LEXIS 152837, at *11-12 (N.D. Cal. 2015) (quoting

22  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).  Plaintiffs are prepared to include

23  additional allegations regarding General Mills' misconduct and the inadequacy of its response

24  and whatever additional language the Court may find necessary.

25  **V.   CONCLUSION**

26  Because the "factual jurisdictional issues are intertwined with factual questions going to

27  the merits, [the Court] may not decide those factual issues on a Rule 12(b)(1) motion;" the motion

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE

1   to dismiss based on standing and mootness must be denied.  *Nino*, 2015 U.S. Dist. LEXIS

2   112677, at *12.  Furthermore, because General Mills based its Rule 12(b)(6) motion on the

3   conclusory assertion that the recall program is effective and adequate, a contention directly at

4   odds with Plaintiffs' central allegations, it must be denied.  *See Nehrlich v. JLW-TW Corp.*, 2016

5   U.S. Dist. LEXIS 3191, 3-4 (S.D. Cal. Jan. 11, 2016) (court must "draw all reasonable inferences

6   from [the allegations] in favor of the nonmoving party").   Finally, as many recent district courts

7   in California have urged, the Rule 12(f) motion to strike the class allegations must be denied as

8   improper and premature.  *See Tasion Communs., Inc.*, 2014 U.S. Dist. LEXIS 35455, at *9-11;

9   *Swift*, 2010 U.S. Dist. LEXIS 117355, at *29-30 (N.D. Cal. 2010).

10

11  DATED: February 4, 2016                    CUTTER LAW, P.C.

12

13                                             By:   /s/ John R. Parker, Jr.

14                                             C. BROOKS CUTTER
                                               JOHN R. PARKER, JR.
15
                                               *Attorneys for Plaintiffs*
16

17

18

19

20

21

22

23

24

25

26

27

28

-18-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE