UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KERI VAN LENGEN and DEBORAH NAVA , on behalf of themselves, and a class of similarly situated persons, | No. 2:15-cv-02262-MCE-KJN |
|---|---|
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| GENERAL MILLS, INC., GENERAL MILLS SALES, INC., GENERAL MILLS OPERATIONS, LLC, ROXANNE ORNELAS AND DOES 1-50, | |
| Defendants. | |

Plaintiffs Keri Van Lengen and Deborah Nava (collectively "Plaintiffs"), filed this putative class action against Defendants General Mills, Inc., General Mills Sales, Inc., General Mills Operations, LLC, Roxanne Ornelas, and Does 1-50, (collectively "Defendants") setting forth five claims for relief:  (1) violation of California's Unfair Business Practices Act ("CUBPA"); (2) violation of California's Unfair Competition Law ("UCL"); (3) violation of California's Consumer Legal Remedies Act ("CRLA"); (4) unjust enrichment; and (5) breach of express warranty.  Presently before the Court are Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)
///

and 12(b)(6)[1] and Defendants' Motion to Strike Plaintiffs' class allegations pursuant to Rule 12(f).  ECF No. 9.  For the following reasons, Defendants' motions are GRANTED in part and DENIED in part.[2]

## BACKGROUND[3]

Beginning in July 2015, Defendants began a manufacturing process to produce certain of their Cheerios cereal products without gluten.  Defendants labeled these Cheerios products as "gluten free."  After Defendants began selling these gluten free products, the U.S. Food and Drug Administration ("FDA") received complaints about the products' gluten level.  Subsequent FDA testing confirmed that a sample of Defendants' gluten free products had levels of gluten that exceeded applicable FDA regulations.

On October 5, 2015, Defendants announced a voluntary recall of approximately 1.8 million units of Cheerios products produced in their Lodi, California, packaging facility.  Defendants maintain that there was an isolated incident at the Lodi facility that resulted in wheat flour, which contains gluten, being inadvertently introduced into select batches of the gluten free Cheerios packaged at that facility.

In September 2015, Plaintiffs purchased Defendants' gluten free Cheerios after seeing Defendants' gluten free advertisements and gluten free labels.  Plaintiffs subsequently learned that the gluten free Cheerios were recalled for containing gluten and initiated this action.  Since then, Plaintiffs' counsel has been contacted by several

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] Defendants also requested that the Court take judicial notice of various documents in support of the instant motions.  Plaintiffs opposed that request.  After reviewing the parties' arguments, the Court GRANTS Defendants' Request for Judicial Notice (ECF No. 10) as to the existence of those documents, but does not take judicial notice of the truth of their contents.

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint (ECF No. 1) and Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 13).

additional consumers who unknowingly purchased, consumed, and allegedly were injured by Defendants' gluten free Cheerios after the recall was instituted.

In December 2015, Defendant filed the instant motions.  Defendants' Rule 12(b)(1) motion argues that Plaintiffs lack standing to pursue their claims because Defendants' recall program provides them with all of the relief they seek.  The motion to strike seeks to excise Plaintiff's class action allegations from the Complaint.  Finally, Defendants' Rule 12(b)(6) motion attacks the sufficiency of each of Plaintiff's claims, and further argues that the Complaint is devoid of allegations regarding Defendant Ornelas.[4]

## STANDARD

**A.  12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction.  Id.  Lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings.  Id.

///

---

[4] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

3

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B.     12(b)(6) Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

(quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### C. Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

1  "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,
2  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
3  1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
4  1989) ("Leave need not be granted where the amendment of the complaint . . .
5  constitutes an exercise in futility . . . .")).

### D.  12(f) Motion to Strike (Class Allegations)

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). An immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other *grounds* 510 U.S. 517 (1994) (internal citations and quotations omitted). An impertinent matter also consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

## ANALYSIS

The Court first addresses Defendants' Motions to Dismiss. Where the Court finds a lack of subject matter jurisdiction and grants Defendants' 12(b)(1) motion, it does not address the sufficiency of Plaintiffs' pleadings in stating a claim. The Court then addresses Defendants' 12(f) motion to strike, and finally the motion to dismiss Defendant Roxanne Ornelas.

### A.  First, Second and Third Claims for Violation of California's Unfair Business Practices Act, Unfair Competition Law, and Consumer Legal Remedies Act

With overlapping allegations, Plaintiffs allege that Defendants' labeling and advertising of certain Cheerios products as Gluten free violated both California's Unfair

Business Practices Act ("CUBPA") and California's Unfair Competition Law ("UCL"). Plaintiffs' CUBPA claim contends that Defendants' Gluten free label was unlawful, unfair and fraudulent in violation of Business and Professions Code Section 17200, et seq. Compl., ECF No. 1 ¶¶ 47-51. Plaintiffs' UCL claim maintains that Defendants committed "acts of disseminating untrue and misleading advertisements within the meaning of Business and Professions Code Sections 17500 . . . with the intent to induce the public to purchase gluten free Cheerios cereals" by advertising and labeling their Cheerios products as Gluten free. Id. at ¶ 56. Finally, Plaintiffs' CLRA cause of action alleges that Defendants intentionally sold misbranded gluten free Cheerios products to consumers. Plaintiffs seek only injunctive relief as to their CUBPA and UCL claims. As to their CLRA claim, Plaintiffs request an order enjoining Defendants' actions as well as attorneys' fees and costs and states that Plaintiffs "will amend this Complaint to seek damages under the CLRA." ECF No. 1 at ¶ 71.

Defendants move to dismiss all three claims for lack of subject matter jurisdiction, arguing that Plaintiffs lack standing to pursue injunctive relief. Defendants also challenge the legal sufficiency of Plaintiffs' claim for damages under the CLRA pursuant to Rule 12(b)(6).

### 1.   Standing to Pursue Injunctive Relief

The Article III "case or controversy" requirement of the United States Constitution "restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." Genesis Healthcare Corp. v. Symcyzk, 133 S. Ct. 1523, 1528 (2013). Thus, for a federal court to have subject matter jurisdiction, there must be a "live" controversy for the court to adjudicate. Powell v. McCormack, 395 U.S. 486, 496 (1969).

Plaintiffs' CUBPA and UCL causes of action both seek only injunctive relief. Plaintiffs' CUBPA cause of action seeks "an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to correct their actions." Compl., ECF No. 1 ¶ 52. Plaintiffs' UCL cause of action seeks "judgment against Defendants for injunctive relief afforded under Business

and Professions Code Sections 17500, et seq., attorneys' fees and costs." Id. at ¶ 58. For injunctive relief to be proper, Plaintiffs must show they suffered an injury that is "likely" to be "redressed by a favorable decision." Lujan v. Def. Wildlife, 504 U.S. 555, 560-61 (1992). Moreover, they must have shown that there is "a sufficient likelihood that [he or she] will again be wronged in a similar way." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

When the moving party makes a factual attack in a motion to dismiss for lack of subject matter jurisdiction, the Court is not required to accept Plaintiffs' allegations as true. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Rather, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

Defendants make a factual attack on subject matter jurisdiction by attaching an affidavit from their Director of Global Consumer Relations. ECF No. 9-2. The affidavit declares that there was an isolated incident at General Mills' production facility in Lodi, California resulting in the inadvertent introduction of gluten into certain Cheerios products. Id. ¶ 2. The affidavit also details the nature and availability of Defendants' voluntary recall program. Id. ¶¶ 3-7. With the affidavit as support, Defendants argue there is no likelihood that Plaintiffs or any member of the public will be wronged again by the gluten free Cheerios products because Defendants successfully identified and recalled all contaminated batches. Defs.' Mot., ECF No. 9 at 10-12. Defendants therefore contend that there is no live controversy for the Court to adjudicate and Plaintiffs' claims should be dismissed for a lack of subject matter jurisdiction. Id.
///

Plaintiffs counter that the Court does have subject matter jurisdiction because Plaintiffs challenged the adequacy of the recall program. Pl.'s Opp'n., ECF No. 13 at 2. However, because Defendants attached an affidavit to their motion detailing the comprehensive nature of the recall program, Plaintiffs could not simply rely on contrary assertions in their Opposition to establish subject matter jurisdiction. See Safe Air for Everyone, 373 F.3d at 1039. Instead, it was incumbent on Plaintiffs to furnish their own affidavits or other evidence challenging the efficacy of the recall program. Id. Rather than doing so, Plaintiffs summarily stated that Plaintiffs' counsel has been contacted by consumers who consumed and were affected by gluten free Cheerios products long after the recall was instituted. Pl.'s Opp'n., ECF No. 13 at 5. This bare assertion is not enough to carry Plaintiffs' burden of establishing subject matter jurisdiction.

Plaintiffs also maintain that Defendants' Motion to Dismiss must be denied because the merits of their claims are intertwined with the issue of subject matter jurisdiction and "a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." Pl.'s Opp'n., ECF No. 13 at 5; Leite v. Crane Co., 749 F.3d 1117, 1122 n.3 (9th Cir. 2014) (citing Safe Air for Everyone, 373 F.3d at 1039). For Plaintiffs' argument to apply, a statute would have to provide the basis for both subject matter jurisdiction and Plaintiffs' substantive claims for relief. See Safe Air for Everyone, 373 F.3d at 1039 (the merits of an action and subject matter jurisdiction are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief."). Plaintiffs fail to point to any such statute.

Rather, Plaintiffs aver that the merits of their case are necessarily intertwined with the question of whether Defendants' recall program is adequate. Pl.'s Opp'n., ECF No. 13 at 6. Plaintiffs' bald assertions and coinciding failure to point to a helpful statute disqualifies them from taking advantage of Safe Air's "intertwined with the merits"

///

9

jurisdictional exception. Accordingly, the Court lacks jurisdiction over Plaintiffs' CUBPA and UCL claims.

Defendants challenge the Court's jurisdiction over Plaintiffs' request for injunctive relief under the CLRA for the same reasons. As with their UCL and CUBPA claims, Plaintiffs lack standing because they failed to present affidavits or other evidence establishing subject matter jurisdiction as was required when confronted by Defendants' factual attack on subject matter jurisdiction. Safe Air for Everyone, 373 F.3d at 1039.

Accordingly, Defendants' motion to dismiss Plaintiffs' CUBPA and UCL causes of action is GRANTED and Plaintiffs' claims are DISMISSED. Furthermore, to the extent Plaintiffs seek injunctive relief under their CLRA claim, that claim is DISMISSED as well. Plaintiffs, however, may be able to satisfy Article III's requirements if they can make factual allegations showing some continued threat of harm from Defendants' gluten free Cheerios products. The Court therefore grants Plaintiffs leave to amend. See Figy v. Frito-Lay N. Am., Inc., 67 F. Supp. 3d 1075, 1085-86 (N.D. Cal. 2014) (granting leave to amend even though Plaintiffs failed to offer evidence that the Court had subject-matter jurisdiction in the face of Defendants' factual attack).

### 2. Plaintiffs' Claim for Damages under the CLRA

#### a. Subject matter jurisdiction

Unlike the claim for injunctive relief, Plaintiffs' claim for damages under the CLRA is not dismissed for a lack of subject matter jurisdiction. Although Plaintiffs have yet to amend their Complaint to specifically seek damages under their CLRA cause of action, Plaintiffs' prayer for relief seeks an award of "compensatory, exemplary, punitive and statutory penalties and damages." ECF No. 1 at 19. Defendants argue that any claims for economic damages are "moot" because Plaintiffs were eligible for a refund through Defendants' voluntary recall program that would have given Plaintiffs the same damages that they now request. Defs.' Mot., ECF No. 9 at 8-10.

Mootness resulting in a lack of subject matter jurisdiction occurs when "an opposing party has agreed to everything the other party has demanded." GCB

Commc'ns v. U.S. S. Commc'ns, 650 F.3d 1257, 1267 (9th Cir. 2011).  Here, however, Defendants have not so agreed.  Defendants have indeed provided a full recall and offered replacement of contaminated boxes of their Cheerios' products or a full refund of the purchase price of gluten free Cheerios products.  ECF No. 9 at 3-4.  In contrast, Plaintiffs request damages that exceed the scope of the recall program and relate to Defendants' business practices prior to instituting the recall program.  ECF No. 1 at 19.  As Plaintiffs seek damages that Defendants have not provided, Defendants have not "agreed to everything the other party has demanded" and Plaintiffs' CLRA claim cannot be considered moot.  GCB Commc'ncs, 650 F.3d 1267.

Accordingly, Defendants' motion to dismiss Plaintiffs' claim for damages under the CLRA for a lack of subject matter jurisdiction is DENIED, and the Court must assess whether Plaintiffs' pleadings are sufficient to state a claim.

### b.   The pleadings are sufficient to state a claim.

The CLRA enables a consumer to bring a class action if the consumer has suffered "any damage" from any "method, act, or practice" made unlawful by the Act.  Cal. Civ. Code §§ 1780(a), 1781(a).  The CLRA makes it unlawful for anyone to represent that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have…."  Id. § 1770(a)(5).  Plaintiffs allege that Defendants' gluten free label represented to Plaintiffs that the Cheerios products have "sponsorship, approval, characteristics, uses, and benefits which they do not have . . . ." ECF No. 1 at ¶ 67.  The CLRA also makes it unlawful for anyone to represent "that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  Cal. Civ. Code § 1770(a)(7).  Plaintiffs allege that Defendants' gluten free label represented to Plaintiffs that the Cheerios products were "to be of a particular standard, quality, or grade which they are not . . . ." ECF No. 1 at ¶ 68.  The CLRA similarly makes it unlawful for anyone to "advertis[e] goods or services with intent not to sell them as advertised."  Cal Civ. Code § 1770(a)(9).  Plaintiffs allege that "[b]y introducing Cheerios products which

contained gluten, but were labeled 'Gluten Free' into the stream of commerce . . . Defendants thus intentionally sold misbranded products." ECF No. 1 at ¶ 69.

Defendants narrowly construe Plaintiffs' request for damages under the CLRA as a request for the purchase price of the contaminated Cheerios products. ECF No. 9 at 18-19. Based on this assumption, Defendants argue that they have already provided the damages relief sought by Plaintiffs because all of the affected cereal products are eligible for a full refund from Defendants. Id. Defendants thus contend that Plaintiffs cannot bring a cause for damages under the CLRA. Id.

As indicated above, however, Plaintiffs seek more than a mere refund. Rather, Plaintiffs' Complaint seeks "compensatory, exemplary, punitive and statutory penalties and damages." ECF No. 1 at 19. Moreover, whether Defendants' recall program correctly and fully identified all batches of contaminated Cheerios products is a factual question that can only be resolved after Plaintiffs have had an opportunity to pursue discovery. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996) (stating that motions to dismiss for failure to state a claim require a Court to accept all allegations of material fact as true and that "[a] complaint should not be dismissed unless a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Because Plaintiffs have stated sufficient facts to state a plausible claim for relief under the CLRA, Defendants' motion to dismiss for failure to state a claim is DENIED. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### C.   Fourth Claim – Unjust Enrichment

Plaintiffs next bring a cause of action for unjust enrichment. ECF No. 1 at 16-17. Defendants argue this cause of action should be dismissed for failure to state a claim because California does not recognize a cause of action for unjust enrichment and "it is, in fact, not a claim at all." ECF No. 9 at 17 (quoting McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014). The Court agrees. "Courts consistently have held that unjust enrichment is not a proper cause of action under California law." McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014) (quoting

12

In re Toyota Motor Corp. Unintended Acceleration, Mktg., Sales Practices, & Prods. Liab. Litig., 754 F. Supp. 2d 1145, 1194 (C.D. Cal. 2010)). Thus, Defendants' motion to dismiss Plaintiffs' unjust enrichment claim is GRANTED without leave to amend.

### D. Fifth Claim – Breach of Express Warranty

To state a cause of action for breach of express warranty, a plaintiff is required to "allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (Ct. App. 1986). Plaintiffs allege that Defendants' gluten free label expressly warranted that products bearing that label complied with all laws and regulations relating to gluten free foods, and that the products "would indeed be gluten free and could be consumed by persons who were sensitive to gluten or desired to exclude foods containing gluten from their diets." ECF No. 1 at ¶¶ 82-83. Plaintiffs also allege that they relied on Defendants' advertising and gluten free label in purchasing said Cheerios products, and that Defendants breached the express warranty "by failing to ensure that the oats used in the Cheerios met the regulatory guidelines, by failing to ensure the oat flour was free of gluten, and failing to test the finished cereal products." Id. at ¶¶ 83-86. At first glance, Plaintiffs set forth allegations sufficient to state a claim for relief. The question is whether Defendants' contentions otherwise cause the claim to fail. Defendants argue that Plaintiffs' claim should be dismissed because Plaintiffs were required to provide Defendants with pre-suit notice and failed to do so. Defs.' Mot., ECF No. 9 at 18.

The Court agrees with Defendants. Plaintiffs were required to provide Defendants with pre-suit notice within a reasonable time after discovering the alleged breach of warranty. Cal. Com. Code § 2607; Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011). Plaintiffs concede that notice was not given, but contend that this failure should be excused for policy reasons. Pl.'s Opp'n., ECF No. 13 at 10-11. Plaintiffs' unsupported argument cannot prompt the Court to override controlling law requiring

///

1  pre-suit notice.  Cal. Com. Code § 2607.  Thus, Defendants' motion is GRANTED and
2  Plaintiffs' claim is DISMISSED.
3       The Court is nonetheless not persuaded that amendment would be futile.
4  Plaintiffs contend that counsel identified additional consumers who were damaged by
5  the same alleged breach and who have already notified Defendants of the breach.  Id. at
6  11.  Plaintiffs seek to add these additional consumers as proposed class
7  representatives.  Id.  The Court accommodates Plaintiffs' request and grants leave to
8  amend.

9       E.    **Motion to Strike Class Allegations**
10      Next, Defendants move to strike Plaintiffs' class allegations arguing that the class
11 certification requirements of FRCP 23 cannot be met.  ECF No. 9 at 13-14.  Specifically,
12 Defendants argue that Plaintiffs are inadequate class representatives and the proposed
13 class is overbroad.  Id. at 14-16.  An argument that Plaintiffs have not met the class
14 certification requirements of FRCP 23 is more properly brought at the class certification
15 stage.  See Long v. Graco Children's Products Inc., No. 13-CV-01257-JD, 2014 WL
16 7204652, at *4 (N.D. Cal. Dec. 17, 2014) ("[M]any courts have recognized that the
17 sufficiency of class allegations are better addressed through a class certification motion,
18 after the parties have had an opportunity to conduct some discovery.").  Accordingly,
19 Defendants' Motion to Strike is DENIED.

20      F.    **Dismissal of Defendant Roxanne Ornelas**
21      Finally, Defendants contend that all claims against Defendant Roxanne Ornelas
22 should be dismissed because Plaintiffs failed to set forth any allegations against her.
23 ECF No. 9 at 19.  Plaintiffs do not oppose this motion, which is thus GRANTED.  ECF
24 No. 13 at 11.  Defendant Ornelas is hereby DISMISSED as a party from this suit.
25 ///
26 ///
27 ///
28 ///

## CONCLUSION

For the reasons above, Defendants' Motions are GRANTED in part and DENIED in part:

(1) Plaintiffs' CUBPA claim is DISMISSED with leave to amend.

(2) Plaintiffs' UCL claim is DISMISSED with leave to amend.

(3) Plaintiffs' CLRA claim is DISMISSED to the extent that it seeks injunctive relief and Plaintiffs are given leave to amend. Defendants' motion is DENIED to the extent that it seeks to dismiss Plaintiffs' CLRA claim for damages.

(4) Plaintiffs' unjust enrichment claim is DISMISSED without leave to amend.

(5) Plaintiffs' breach of express warranty claim is DISMISSED with leave to amend.

(6) Plaintiff may, but is not required to, file an amended complaint with respect to those causes of action that have been dismissed with leave to amend. If no amended complaint is filed within twenty-one (21) days from the date this Order is electronically filed, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

(7) Roxanne Ornelas is hereby DISMISSED from this action.

IT IS SO ORDERED.

**Dated: May 4, 2016**

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT